George Romano *et al. vs.* James S. Daneker,
*Acting Liquor Control Administrator.*

MAY 10, 1950.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a petition for certiorari to review a decision of the acting state liquor control administrator denying and dismissing an appeal from an order of the licensing board of East Greenwich granting two class A liquor licenses for premises within 200 feet of similarly licensed premises belonging to the petitioners. The administrator having waived issuance of the writ and certified the records of the cause here for our inspection, we heard the parties on the merits of the petition without further pleadings.

The petition alleges that petitioners are holders of class A licenses at 111 and 178 Main street respectively in East Greenwich, a town having less than 4000 inhabitants; that Koch's Pharmacy at 102 Main street and Earnshaw Drug Company at 168 Main street are holders of druggists' class E licenses and also holders of limited class A licenses; that those premises are within 200 feet of petitioners' premises;

that pursuant to public laws 1949, chapter 2373, but over the protest of the petitioners, the local board issued class A licenses to Koch's Pharmacy and Earnshaw Drug Company, they having applied therefor prior to December 1, 1949; and that petitioners' appeal from that decision was denied and dismissed by the administrator who ordered the board to issue such licenses forthwith. The foregoing allegations are not denied by the administrator.

The petition further alleges that the administrator's decision is erroneous for the following reasons. It is contrary to general laws 1938, chap. 164, §10, as amended by P. L. 1941, chap. 1038, sec. 3, which prohibits issuance of more than two class A licenses in any town of 4000 inhabitants or less; it is contrary to P. L. 1946, chap. 1708, section 1, which provides that no class A license shall be granted for premises within 200 feet of other similarly licensed premises; it is founded upon the authority of an unconstitutional statute, P. L. 1949, chap. 2373, which violates petitioners' rights under the equal protection clause of article XIV of the articles of amendment to the constitution of the United States, and under article I, sec. 2, and article IV, section 1, of the constitution of Rhode Island; and finally it is an arbitrary exercise of power in defiance of petitioners' rights as holders of class A licenses in East Greenwich. The administrator disputes those allegations and contends that in every respect his decision conforms to the statutes none of which, he argues, are either unconstitutional or otherwise invalid.

Fundamentally his decision must stand or fall on the validity of P. L. 1949, chap. 2373. That chapter repeals a portion of G. L. 1938, chap. 163, §3, which provides for the issuance of druggists' class E and limited class A licenses in cities and towns having less than 10,000 inhabitants. It substitutes for another paragraph of that section, which provides for the issuance of druggists' class E licenses in cities and towns having 10,000 or more inhabitants, a new paragraph that provides for the issuance of such licenses

without reference to the population of any city or town and without providing for limited class A licenses. It further provides, however, that a holder of a class E license and a limited class A license *shall be entitled* to obtain a class A license upon application prior to December 1, 1949. The chapter concludes with the provision that all acts and parts of acts inconsistent therewith are repealed.

It is apparent that the purpose of that statute was to do away with the limited class A licenses for holders of druggists' class E licenses while at the same time affording such holders a special opportunity to obtain class A licenses in lieu of the abolished limited class A licenses. That opportunity was in the nature of a privilege granted by the legislature to such licensees to compensate them for the loss of their limited class A licenses and was in some aspects similar to the so-called grandfather clauses sometimes found in statutes which expressly exempt therefrom individuals who were qualified or eligible under the *status quo ante*. Such statutes are customarily upheld as being within the legitimate scope of the legislative process.

However, petitioners contend that chapter 2373 is nevertheless invalid because in the light of the prior existing statutes under which they obtained their licenses and are conducting their respective liquor stores it constitutes an arbitrary exercise and abuse of legislative power. That contention is based upon a misconception of this court's power to declare a statute null and void. This court is vested with such power only where it finds that a statute clearly and beyond a reasonable doubt contravenes some specific provision of either the federal or state constitution. Without recourse to those organic laws we are powerless to declare a statute invalid regardless of its arbitrariness, gross impropriety or lack of wisdom. *Gorham* v. *Robinson*, 57 R. I. 1. See also 1 Cooley Const. Lim. (8th ed.) 349. In other words, the measure of this court's power over statutes is the federal and state constitutions. Even though we agreed with the petitioners that the instant chapter

was arbitrary and improper from the viewpoint of policy, that alone would not warrant our declaring it null and void by mere judicial fiat. The statute must also violate the higher law of the constitution which circumscribes and delimits the legislative power.

Petitioners urge several other contentions to that effect. They claim that the statute in question is class legislation and deprives them of the equal protection of the law in contravention of article XIV of amendments to the federal constitution and of article I, sec. 2, and article IV, section 1, of. the state constitution. Each of those contentions is, in our opinion, clearly without merit. In the first place the statute is not class legislation of the character deemed in violation of a constitutional guaranty of equal protection of the law. Insofar as it undertakes to grant a special privilege to a specific selected class, notwithstanding provisions of the statutes applicable to all other applicants for class A licenses or licensees, it is a reasonable classification fully within the police power to regulate or prohibit the traffic in intoxicating liquors. *Tisdall Co.* v. *Board of Aldermen,* 57 R. I. 96.

For like reasons chap. 2373 does not in our opinion contravene article I, sec. 2, of the state constitution which substantially declares in effect that the laws ought to bear equally on all the citizens of the state. Moreover that section has been frequently held by this court to be advisory only and not a limitation upon the legislative power of the general assembly. *Henry* v. *Cherry & Webb,* 30 R. I. 13; *Crafts* v. *Ray,* 22 R. I. 179; *In the Matter of Dorrance-Street,* 4 R. I. 230. However this may be, we find nothing in this act which has the effect of unfairly and arbitrarily discriminating against petitioners *as citizens* or of placing upon them as such citizens unequal burdens.

Whatever may be the effect of the statute upon them *as licensees of liquor stores,* so long as it does not arbitrarily deprive them of their property and is merely incidental to the regulation of the liquor business it must be accepted as

such by them without complaint. Indeed, the regulatory statutes governing the traffic in intoxicating liquors are not within the purview of the admonition of article I, sec. 2. In the enactment of such statutes the legislature under its police power has an extremely broad discretion. *Tisdall Co.* v. *Board of Aldermen, supra.* Chapter 2373 being a regulatory statute of that nature is not to be tested by either of the provisions of our state constitution which are relied on in the petition.

Petitioners further contend in their brief that the administrator erred because his decision is contrary to P. L. 1946, chap. 1708, section 1, which prohibits the issuance of class A licenses within 200 feet of each other. The weakness of that contention lies in the fact that said section by force of P. L. 1949, chap. 2373, is not applicable in the case of applications for class A licenses by any of the class or group who qualify thereunder. Such chapter being a later enactment than chap. 1708, any inconsistency between them must be resolved in favor of the later statute, especially in view of chap. 2373, sec. 4, which provides that "all acts and parts of acts inconsistent herewith are hereby repealed." Hence the provisions of any prior statute cannot be relied on to control or modify much less vitiate this latest pronouncement of the legislature on this particular subject.

. For the same reason P. L. 1941, chap. 1038, permitting not more than two class A licenses in towns having less than 4000 inhabitants is likewise inapplicable. That chapter and chap. 2373 need not be construed together in order to ascertain the legislative intent. There is no ambiguity in chap. 2373 to be clarified as far as the intention of the legislature with reference to the granting of class A licenses to the special class designated in that chapter is concerned. Such intention is crystal clear. That chapter wherever inconsistent with pre-existing law was expressly stated to be a superseding statute. Thus it is declared by sec. 3 thereof that the present holders of class E licenses who also hold limited class A licenses heretofore issued in accordance

with the repealed subsection of G. L. 1938, chap. 163, §3, *shall be entitled,* upon application to the licensing board prior to December 1, 1949, to obtain a class A license. This is, in effect, a legislative grant of a license upon the applicant complying with the stated conditions. And by the concluding section of chap. 2373, sec. 4, the legislature declares in substance that such licenses are to be granted notwithstanding any statutory provisions to the contrary.

It is obvious that petitioners' contention that the administrator's decision is erroneous because it violated such pre-existing statutes even though it was authorized by chap. 2373 is based upon a misconception of the rules of statutory construction. When that misconception is removed it is equally obvious that chap. 2373 is a valid enactment of the legislature which the local licensing board and the administrator were obligated to follow. Hence the administrator did not err in denying and dismissing petitioners' appeal and ordering the board to issue the licenses in question forthwith.

The petition is denied and dismissed, and the papers which have been certified to this court are ordered to be sent back to the respondent with our decision indorsed thereon.

*Michael DeCiantis, Clifton I. Munroe,* for petitioners.

*Benjamin Winicour, William E. Powers,* Attorney General, *Robert A. Coogan,* Assistant Attorney General, for respondent.