GEORGE A. ROMANO *vs.* JAMES S. DANEKER, *Acting Liquor Control Adm'r.*
TOWN COUNCIL OF THE TOWN OF EAST GREENWICH *vs.* SAME.

MARCH 9, 1951.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. These are petitions for certiorari to review a decision of the acting state liquor control administrator, hereinafter called the administrator, ordering the town council of East Greenwich to grant certain applications for the transfer to another location and to another person of a special class A liquor license originally obtained by the Earnshaw Drug Company pursuant to public laws 1949, chapter 2373, sec. 3. The petitioners are the town council and George A. Romano, the holder of a regular class A license in East Greenwich. Since both petitions raise the same questions and were argued together, we shall consider them in the same manner.

The facts alleged in the petitions are undisputed. Earnshaw Drug Company holds a class E license and the special class A license in question here for 168 Main street in the town of East Greenwich where it conducts a drugstore. It formerly held a *limited class A* license which was abolished by chapter 2373. By virtue of section 3 of that chapter it became entitled to and obtained its class A license by applying therefor before December 1, 1949. See *Romano* v. *Daneker,* 77 R. I. 61. Subsequently it applied to the town council for permission to transfer such license to Grace E. McKone for premises at 387 Main street. Miss McKone has no druggist's class E license and does not intend to conduct a drugstore at that location. After a hearing at which petitioner Romano appeared as a remonstrant the town council refused to grant the transfer solely on the ground that the liquor control law did not authorize the granting of a transfer of this particular class A license apart from a druggist's class E license.

Thereupon the applicant appealed to the administrator and at the hearing before him petitioners renewed the above contention and also moved to dismiss on the ground that the administrator was without jurisdiction to review the town council's denial of an application for a transfer.

The administrator denied that motion and heard the appeal on the merits. Thereupon he rejected petitioners' contention that the applicant's special class A license could not legally be transferred to one who did not hold a class E license and also conduct a drugstore. He construed chap. 2373, sec. 3, as authorizing a class A license which in substance and effect was no different from the regular class A license, and therefore he held that the town council had the authority to grant the applications applied for and ordered them to take such action. We issued certiorari to review his decision because the allegations in the petitions for the writ raised important questions affecting the administration of the liquor control law.

In this court petitioners renewed their contentions that the administrator was without jurisdiction and that he erred in his construction of chap. 2373, sec. 3. Ordinarily we would decide the issue of jurisdiction before considering whether the administrator erred in deciding the merits of the appeal, but in the circumstances here we deem it desirable to pretermit the jurisdictional question and proceed at once to the consideration of petitioners' second contention. The view which we take of the legislative meaning and intent expressed in chap. 2373, sec. 3, will be decisive of the case and hence it will not be necessary at this time to pass on the issue of the administrator's jurisdiction.

Assuming, without deciding, that he had jurisdiction the sole issue is whether he erred in his construction of section 3. That section reads as follows: "The present holders of class E licenses who also hold limited class A licenses heretofore issued in accordance with subsection entitled 'Retailer's license—class E for cities and towns having a population of less than 10,000 inhabitants,' of section 3 of chapter 163 of the general laws, as amended, which subsection is repealed by this act, shall be entitled, upon application prior to December 1, 1949, to the licensing board which issued such licenses, to obtain class A licenses

by paying the regular fee for such class A licenses prorated to December 1, 1949."

In *Romano* v. *Daneker, supra,* we stated that this class A license was in the nature of a privilege accorded to prescribed licensees by special grant of the legislature. We adhere to that view. Moreover, in our judgment the legislature intended that such privilege was personal to druggists who qualified therefor under section 3 and was not transferable to another who could not so qualify. Under the prior limited class A license a licensee had the right to sell liquor in a drugstore subject to certain restrictions. The enactment of chapter 2373 deprived such licensee of the limited class A license, but substituted as compensation therefor a special class A license. In our opinion it was intended by such chapter that the licensees who thus had been deprived of their limited class A licenses were to be specially privileged thereunder in order to insure their right to continue to sell packaged liquor in connection with the operation of their drugstores.

While the class A license which was thus substituted for the *limited class A license* is broader than the latter and entitles the holder to the full privilege of *sales* thereunder, we do not think the legislature intended it to be *transferable* generally to another person who did not conduct a drugstore and was not entitled to a druggist's class E license. On the contrary we think that in this respect it was intended to be like the license of which they had been deprived by chapter 2373. A limited class A license of that kind in cities or towns of less than 10,000 inhabitants could only be obtained by the holder of a druggist's class E license. It is, therefore, reasonable to construe section 3 as restricting to such holders the privilege of holding the substituted class A license, especially since, as we stated in *Romano* v. *Daneker,* 77 R. I. 61, the legislature intended to do no more than to compensate them as druggists for the loss of their limited class A licenses.

If that section were to be construed as the administrator

contends the result would be not merely to compensate them for the loss of their limited class A licenses, but would manifestly exceed their rights thereunder by conferring on such licensees additional privileges not related in any way to the loss caused to them by the enactment of chap. 2373, sec. 3. In fact such a construction would give the licensee in the instant case a freely transferable class A license which it could not otherwise have obtained under the quota established for such licenses in the town of East Greenwich. While the legislature intended that such licensees should personally have the right to obtain a class A license notwithstanding the fixed quota therefor in any city or town, in our opinion it did not intend to authorize the transfer of such a privileged license to one who neither conducts a drugstore nor holds a druggist's class E license.

Of course the legislature, if it desired, could have so provided; but surveying the whole of chapter 163 of G. L. 1938, which prescribes the various classes of licenses, and carefully noting the purpose and scope of chapter 2373 in amendment thereof, we find no language which clearly evinces an intention of the legislature to go that far. We are therefore of the opinion that the director erred in his construction of P. L. 1949, chap. 2373, sec. 3, and that the town council had no power to grant the transfers applied for here.

The record of the respondent administrator's decision ordering the town council of East Greenwich to grant the applications for the transfers of the class A liquor license in question is quashed, and the papers certified to this court are ordered returned to the respondent with our decision endorsed thereon.

*George Roche,* for petitioner George A. Romano.

*Wilson, Budlong & Clough, Clinton G. Clough, Wilford S. Budlong,* for petitioner Town Council of the Town of Greenwich.

*Benjamin Winicour, Robert A. Coogan,* Assistant Attorney General, for respondent.