PROVIDENCE REDEVELOPMENT AGENCY *vs.* MICHELE FALCONE *et al.*

MARCH 15, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Powers, J. This is a petition brought in connection with the taking by eminent domain, pursuant to the provisions of P. L. 1956, chap. 3654, of two parcels of real estate situated in the city of Providence. It was heard by a superior court justice, and from the entry of a decree therein the petitioner and several respondents have duly prosecuted appeals to this court.

The controlling statutory provisions were originally enacted by P. L. 1956, chap. 3654, but all statutory references made herein shall be to G. L. 1956, chaps. 45-31, 45-32 and 45-33.

The petitioner, hereinafter referred to as the agency, avers in its petition that on December 13, 1956, pursuant to the authority of G. L. 1956, §45-32-24, it took by eminent domain two parcels of real estate situated on Livingston street in the city of Providence and designated as lots 411 and 412 on plat 2 of the records of the tax assessor; that it has on deposit in the registry of the superior court the sum of $1,750 representing the fair market value of the property taken; that said sum is in excess of taxes due to the city of Providence; and that by virtue of §45-32-38 the superior court is vested with jurisdiction in the premises.

The petition also sets forth a chain of title commencing with that of respondents Michele and Teresa Falcone and reciting a series of mortgages, tax sales and the interests of others purporting to derive title therefrom, all of whom were made respondents. From time to time other persons were added as respondents, including a guardian ad litem and an attorney to represent the interests of those in the military service, if any.

The petition prays for the entry of a decree declaring that the agency has title in fee simple, determining the fair market value of the property in question, ascertaining the interests of the respective respondents, and enjoining all others from thereafter asserting any claim with respect to said real estate or funds paid or to be paid in connection therewith.

The record discloses that the petition was filed in the superior court on June 6, 1957, approximately six months following the taking by eminent domain. After the entry of several decrees appointing the guardians heretofore mentioned and adding other respondents, and the taking of considerable testimony at the hearing relative to the fair mar-

ket value of the property and the interests of the several respondents, the superior court justice rendered his decision and on April 18, 1960 entered a decree which reads in part as follows:

"Ordered, Adjudged and Decreed

"1. That the sum of Three Thousand ($3,000.00) Dollars be and hereby is found and determined to be the fair market value of and the just compensation to be paid for the taking in fee simple of Lots numbered 411 and 412 on Assessor's Plat 2 of the records of the Tax Assessor of the City of Providence and all interest right and title therein.

"2. That from the amount deposited by the purchaser, the Providence Redevelopment Agency, with the Clerk of the Honorable Superior Court the amount of Three Thousand ($3,000.00) Dollars shall be paid to the respondents, Frances and Edward Katz, together with interest thereon at the rate of six per cent (6%) per annum compounded annually not in advance from the date of condemnation, namely, December 13, 1956 to the date of payment, which interest to the date of the entry of this decree totals $644.43.

"3. That the prayers of all other respondents in the above-captioned matter are denied."

From the foregoing decree the agency, together with the city of Providence and Margaret Layshock as respondents, appealed to this court. They have assigned their respective reasons of appeal and both briefed and argued several contentions in support thereof. In the view we take of these proceedings, however, there is no necessity to consider them.

None of the parties in interest has raised any question concerning the right of the agency to bring the instant petition, nor the jurisdiction of the superior court to entertain it. In the interest of orderly judicial procedure, however, we are constrained to consider such questions sua sponte.

The agency in its petition, and in response to questions propounded by this court when the cause was argued before us, refers to §45-32-38 in support of the proceedings initi-

ated by it. This section provides: "The superior court shall have power to make such orders with respect to encumbrances, liens, taxes, and other charges on the land, if any, as shall be just and equitable."

We have carefully considered the foregoing in the light of all applicable statutory provisions and conclude that the section relied upon simply delineates the scope of the superior court's jurisdiction in an appropriate proceeding. The section, standing alone, does not create a cause of action on which the agency can base its petition.

A review of the applicable statutory provisions relating to the settlement of claims or damages arising from condemnation proceedings initiated by municipal redevelopment agencies is demonstrative of the judicial procedure provided by the legislature.

After the taking by the agency pursuant to §45-32-24, §45-32-26 provides:

> "The necessity for such acquisition shall be conclusively presumed upon the adoption by the agency of a resolution which shall:
>
> "(a) Contain a description of the real property or any estate or interest therein sufficient in detail to permit an identification thereof.
>
> "(b) Declare that the acquisition of the real property or any estate or interest therein is in the public interest and necessary for the public use.
>
> "(c) State that said real property or any estate or interest therein is included in a redevelopment project approved under this chapter."

The next section provides for a filing of said resolution, declaration and plat in the land records of the city or town within six months of its adoption. Section 45-32-26 then provides for the depositing in the registry of the superior court within the county where the property lies, a sum of money estimated to be the fair market value of the property taken. It is provided in §45-32-30 that, upon the filing of the resolution and the deposit in the superior court as

aforesaid, title to the property taken shall vest in the agency and the person or persons from whom said property was taken shall have a vested interest in the funds thus deposited. The next two sections require the publication in a newspaper published within the county of the resolution and declaration and for service of notice on the person or persons having an interest in the property taken.

It is in §45-32-34 that the legislature provides for adjudication on petition. That section provides in substance for the filing of a petition for the assessment of damages within three months by the property owner receiving notice, and if the property owner is unknown and was not served with notice, then within one year from the date of publication as aforesaid. It further provides for the consolidation of two or more such petitions in the event that there are conflicting claims. It is in connection with the hearing on the petitions thus authorized that the scope of jurisdiction in the superior court is set forth in §45-32-38, which the agency has misconceived as giving rise to an original cause of action.

The instant petition was initiated by the agency within six months of the publication of the resolution and declaration for the reason, as it says, that it was uncertain as to the proper parties in interest and was anxious to have the question resolved. There is no authority for the bringing of such a petition by the agency, nor was there any cause for concern. The statute clearly provides for the bringing of a petition by the property owners claiming to have been affected within three months if personal notice were given, and within one year from the publication in any event.

If no such petition shall be filed within one year as provided, the agency pursuant to the provisions of §45-32-36 may file a petition in the superior court for the county in which the property taken was located for a determination by said court of the fair market value, and on deposit in a special account within the registry of the court of the sum

thus determined, the agency shall take the receipt of the clerk of said court and thereupon be discharged from all liability.

It is apparent therefore that the instant petition was improvidently brought and the superior court was without jurisdiction to hear it.

The appeals are denied and dismissed pro forma, but in view of the above reason the cause is remanded to the superior court with directions to vacate the decree appealed from.

*Timothy J. McCarthy, Vincent J. Baccari, James G. Dolan, Jr.,* for petitioner Providence Redevelopment Agency.

*Abedon, Michaelson and Stanzler, Julius C. Michaelson,* for respondent heirs of Howard Katz.

*George Ajootian,* for respondent Margaret R. Layshock.

*Francis A. Kelleher,* attorney appointed under soldiers and sailors relief act.

*Louis Mascia,* guardian ad litem.

*William E. McCabe,* City Solicitor, *Vincent A. Ragosta,* for respondent City of Providence.