[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Liquor Control Administrator. Jurisdiction in this Court is pursuant to §42-35-15 R.I.G.L.
The record of the proceedings before the Liquor Control Administrator was duly certified to this Court on September 20, 1989. The legal memoranda of counsel for the Providence Board of Commissioners was filed on October 4, 1990 and for Corner Pizza, Inc. on April 16, 1991.
I
CASE TRAVEL
On February 24, 1989 the Providence Board of License Commissioners (Board) denied a request for the transfer of a Class B alcoholic beverage license from Scotland Yard, Ltd. to Corner Pizza, Inc. The Board's denial was premised upon the receipt by it of petitions bearing the written objections of the greater part of landowners within 200 feet of the building wherein the license was to be transferred and used. Section3-7-19 R.I.G.L. mandates denial when such objection is made. From that decision by the Board, Corner Pizza, Inc., the intended transferee, filed an appeal to the Liquor Control Administrator. No appeal was filed by Scotland Yard, Ltd., the actual holder and owner of the license sought to be transferred through its trustee in bankruptcy.
Pursuant to § 3-7-21 R.I.G.L., the Liquor Control Administrator was required upon the appeal, to conduct a hearing de novo thereon. Hallene v. Smith, 98 R.I. 360 (1964). Such a hearing was held on April 10, 1989. At the hearing, two witnesses testified. Horalambos Fotopoulas, for the appellant, Corner Pizza, Inc. and Edward Semper, Jr., a member of the Providence Police Department assigned to the Board to assist it in its licensing duties. Mr. Fotopoulas testified that Corner Pizza, Inc. had been operating a pizza parlor for some seven years at 600 Douglas Avenue, nearby to Providence College, with business hours of 11:00 a.m. to 1:00 a.m. and that he wished to transform the business into a "pizza and dinner place". (tr. 4-5) The Class B, so called full privilege liquor license in question would permit him to sell liquor to the pizza and dinner customers.
Officer Semper testified for the Board and related how he had verified "about half" of the objecting property owner signatures on the petitions that had been presented to the Board. (tr. 26) Those petitions, Exhibits A and B were admitted, over objection, into evidence at the hearing before the Liquor Control Administrator. The only other evidence introduced was an ExhibitC, which was a computation tally sheet used by Officer Semper.
On May 3, 1989, the Liquor Control Administrator rendered her decision. In that decision she rejected the validity of many of the objecting property owner signatures on the petitions. Her reasons given in support of her rejection are not however, in any way supported by any of the evidence introduced at the hearing, but instead, upon the statements of counsel for Corner Pizza, Inc. which were made in the course of objecting to the introduction of the landowners' petitions. Such statements of counsel are not evidence upon which a factfinder can base findings of fact. Unsworn statements of counsel "do not rise to the level of evidence." Ludwig v. Kowal, 419 A.2d 297, 302 (1980). In any event, further discussion of the Liquor Control Administrator's determination to reject the validity of the objecting landowners' petitions is unnecessary because of two hitherto unnoticed and unmentioned fundamental matters which require this Court to reverse the decision of the Liquor Control Administrator.
The first is that she had no jurisdiction to entertain and hear the appeal, because it had not been timely filed by Corner Pizza, Inc. The initial finding or conclusory statement by the Liquor Control Administrator in her decision is that the appeal before her was "from a decision of the Providence Board ofLicense Commissioners on February 24, 1989. . ." She thereafter stated: "This appeal was duly and timely filed on March 8, 1989." That is clear error which should have been previously noted. The appeal was not duly and timely filed. Section 3-7-21, R.I.G.L.
provides for appeals from the decisions of local licensing boards to the Liquor Control Administrator and specifically requires any appeal to be filed within ten (10) days after the making of the decision.
Section 43-3-13 R.I.G.L. states:
 "Whenever time is to be reckoned from any day, date, or act done, or the time of any act done, the day, date, or the day when the act is done shall not be included in the computation."
Rule 6, R.C.P. provides the same determinative direction and specifically adds that the last day of the period of time within which the act is to be done is included, "unless it is a Sundayor legal holiday, in which event the period runs until the end ofthe next day which is neither a Sunday nor a holiday." In this case, the Licensing Board's decision was made and given on February 24, 1989. Computing the "within ten days" appeal period from the following day, namely, February 25, 1989 the appeal period expired on Monday, March 6, 1989. The appeal in this case was received and noted by the Liquor Control Administrator as having been filed on Wednesday, March 8, 1989. Accordingly, the appeal was filed two (2) days after the appeal time had expired.Mauricio v. Zoning Board of Review, (R.I.- No. 90-4-M.P. May 16, 1991). As a consequence the Liquor Control Administrator lacked subject matter jurisdiction to hold and conduct the hearing in question. The fact that the jurisdictional question was overlooked by all parties does not prevent this Court from raising the issue, sua sponte, when reviewing upon appeal the action of the Liquor Control Administrator. ProvidenceRedevelopment Agency v. Falcone, 92 R.I. 332, 335 (1961). Subject matter jurisdiction may not be waived by either the court or the parties. LaPetite Auberge v. R.I. Commission for Human Rights,419 A.2d 274, 280 (1980); Brule v. Southworth, 611 F.2d 406, 409 (U.S.C.A., First Circ.) (1979).
The second fundamental issue that requires reversal of the Liquor Control Administrator's decision is that even assuming jurisdiction on the appeal, the record evidence actually prohibits her from ordering the Providence Licensing Commissioners to issue the Class B license to Corner Pizza, Inc. Mr. Fotopoulas testified that he had been operating his pizza parlor for some seven years with operating business hours of 11a.m. to 1 a.m. (tr. p. 4). Section 3-7-7 R.I.G.L.
specifically provides that:
 "A retailer's license, Class B shall be issued only to a duly licensed bona fide tavern keeper or victualer whose tavern or victualing house may be open for business and regularly patronized at least from nine o'clock (9:00) a.m. to seven o'clock (7:00) p.m. . . ."
There was absolutely no evidence in the record before the Liquor Control Administrator that permitted her to conclude that Corner Pizza, Inc. was open for business and regularly patronized at least from nine o'clock (9:00) a.m. Accordingly, Corner Pizza, Inc. was not qualified for the Class B license pursuant to the specific requirement of § 3-7-7 R.I.G.L. The Liquor Control Administrator had no authority to order a local liquor licensing board to issue a liquor license in contravention of state law.Romano v. Daneker, 78 R.I. 79, 83 (1951).
For the reasons hereinabove set out, the decision of the Liquor Control Administrator dated May 3, 1989 is reversed.