## Barker et al. v. State Alcoholic Beverage Control Board.

Feb. 15, 1946.

Richard F. Lynch for appellants.

Eldon S. Dummit, Attorney General, H. K. Spear and Weldon Shouse, Assistant Attorneys General, for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The appellants, Elmer Barker and Ada Barker, appeal from a judgment rendered in the Franklin Circuit Court sustaining the Alcoholic Beverage Control Board, hereinafter referred to as Board, as to the revocation of their license.

The Board issued a citation against the appellants, who operated the Zanzibar at 21 South Preston Street, Louisville, Kentucky, to show cause why their retail beer license should not be suspended or revoked for the following reasons:

"1. On August 3, 1945 you violated Section 244.120, Kentucky Revised Statutes, 1944, by allowing your place of business at the above address licensed to sell beer, to become disorderly in that you allowed disorderly characters to congregate in same and that by doing so a soldier in the United States Army by the name of James I. Bush was seriously stabbed by an unknown person.

"2. On August 5, 1945, you violated Section 244.080, Subsection 2, Kentucky Revised Statutes 1944, by selling beer to a drunken person by the name of Jake Bauer of Louisville, Kentucky.

"3. On August 5, 1945 you violated Section 244.120, Kentucky Revised Statutes, 1944, by letting your place of business at the above address become disorderly and by allowing persons of ill repute to congregate therein."

At a hearing before the Board on August 21, 1945, the Board revoked the license of the appellants, effective September 15, 1945. Upon appeal to the Franklin Circuit Court, the finding of the Board was affirmed.

Appellants object, first, to the admission of the testimony of Mr. Charles F. Brown, Jr., Chairman of the State Alcoholic Beverage Control Board. Mr. Brown undertook to testify about a conversation with the appellants when license was first delivered to them. Motion was made by appellants to confine the testimony to the dates in the citation. This motion was overruled. Mr. Brown then undertook to testify that on August 5, 1945, he came upon a man by the name of Jake Bauer who had been struck by a truck at Preston and Lynn Streets. He testified that Bauer was drunk and disorderly, and that Bauer told him he had come out of the Zanzibar;

that he had fifty cents in his hand to purchase three bottles of beer to replace the broken ones occasioned by being hit by the truck, and that Bauer was returning to the Zanzibar when he was apprehended by policemen as a public drunk. Bauer was not introduced as a witness. The appellants moved to strike the evidence of Mr. Brown as hearsay, which motion also was overruled.

They complain further in that they say no word of testimony was presented showing any sale of beer to any drunken or disorderly person, or that persons of ill repute were allowed to congregate in appellants' place of business.

Much complaint was made about the affidavit of the soldier, Bush, who was stabbed in appellants' place of business. Barker himself testified that Bush came into his place of business and drank three bottles of beer; that he remembered the soldier being injured on the street near his place of business and that the police came to his place of business and notified him about Bush. He admitted having a victrola in his place of business, and that the police had protested about having the music too loud.

It is true that the Board should have confined its testimony to the dates as set out in its citation. See Leister v. State Alcoholic Beverage Control Board et al., 292 Ky. 705, 168 S. W. 2d 1. While a forfeiture or divestiture of property rights in consequence of the violation of the statutes regulating the sale of intoxicating liquors should not be treated more lightly than the regulatory statutes governing other forfeitures, yet there should not be required such a completeness of proof as would support findings on all three of the citations above. The proof must bring the case within the terms of the imposing statute. Competent and admissible evidence substantiating any one is sufficient.

Mr. Joseph Moeller, who lived across the street from the Zanzibar, testified that on August 5, the reputation of the place was bad.

A Gertrude M. Wyman, who also lived across the street from the Zanzibar, testified that on August 5, the place was very disorderly, loud and rowdy; that there were plenty of drunks and that they came directly across the street from that place of business.

The court below no doubt sifted the competent from

the incompetent and the admissible from the inadmissible. An examination of the evidence in its entirety, after eliminating the questionable part as raised under the objections of the appellants, discloses sufficient evidence to substantiate the finding of the Board and the judgment of the court below.

Wherefore, the judgment is affirmed.