## ALCOHOLIC BEVERAGE CONTROL BOARD et al., Appellants,

v.

## Guy COGHILL, d/b/a Probus Tavern, Appellee.

Court of Appeals of Kentucky.

Dec. 10, 1954.

J. D. Buckman, Jr., Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellants.

S. S. Samuels, Louisville, for appellee.

SIMS, Justice.

The Alcoholic Beverage Control Board, hereinafter referred to as the Board, revoked the retail beer and retail drink liquor licenses of Guy Coghill, doing business as "Probus Tavern", on the charge he had permitted disorderly conduct and gambling on the premises. Under KRS 243.560 Coghill appealed to the Franklin Circuit Court which held there was "no legal evidence in the record that licensee * * * suffered any form of gambling on the premises", and the Board was ordered not to revoke the licenses. Under KRS 243.590 the Board prosecuted this appeal, and the sole question for our determination is whether

there was sufficient evidence to support the order of the Board revoking Coghill's license.

Dorothy Fritz and Audrey Probus, the wives of Glenn Fritz and Walter Probus, leased a bar and grill at 3302 Cane Run Road, Louisville, to Coghill for one year from July 1, 1952. These women also owned four lots which extended from Cane Run Road to Penway Avenue, including a garage at 3303 Penway Avenue. The rear of this garage was but 15 feet from the rear of the tavern and the space between the two buildings was macadamized for a parking area. The entrance to the garage on Penway was boarded up and gave the appearance of being abandoned, while in fact the interior had been renovated to accommodate a large and modern handbook. Entrance to the garage was through a rear door off the parking area, but there was no rear door in the tavern leading to this parking area. Persons in the tavern desiring to enter the garage had to go out the front door on Cane Run Road, walk around the building to the parking area, a distance of 120 feet, and go in the door at the rear of the garage.

Coghill did business under the name of "Probus Tavern" but the record fails to show Probus or Fritz had any interest in the tavern or the lease which Coghill obtained from their wives. However, the record does show that Probus operated the handbook in the garage.

An Assistant Commonwealth Attorney testified it became known that Probus was operating a handbook and he and some officers went to the tavern to investigate. It was on Saturday afternoon and he found some 40 or 70 persons in the tavern eating and drinking, who subsequently left by the front door and went around to the garage, some taking their drinks with them. When these persons were asked where they were going they at first evaded but subsequently told why they had started to the garage. A search warrant was procured on this information. The garage was searched and the handbook found but nobody was there. A Field Agent of the Board testified that on one occasion he found Walter Probus behind the bar, but he did not state Probus was tending bar.

On the basis of this testimony the Board charged Coghill "with permitting the licensed premises to be disorderly, and permitting gambling thereon" denounced by KRS 244.120 and 243.500(7) respectively. Coghill offered no evidence but contented himself with the failure of the Board to connect him with the handbook.

In KRS 243.570 there is set out the procedure on appeal to the Franklin Circuit Court from the Board's finding. The statute limits the court "to determining whether or not:

"(a) The board acted without or in excess of its powers;

"(b) The order appealed from was procured by fraud;

"(c) If questions of fact are in issue, whether or not any substantial evidence supports the order appealed from".

In the instant case the only question before the Franklin Circuit Court was whether or not there was any substantial evidence to support the finding of the Board that Coghill permitted gambling on the premises.

From the résumé we have given of the evidence, it is apparent that the Judge of the Franklin Circuit Court was correct when he held there was no "substantial evidence" of gambling on the licensed premises. While the garage and tavern were but 15 feet apart, there was no entrance connecting them, nor was it shown that Probus had any interest in the operation of the tavern or that Coghill was interested in the handbook. One might suspect or feel there was a connecting link between the tavern and the handbook due to the close proximity of one to the other, yet there is no evidence there was, and a license cannot be revoked on mere suspicion. True, we have written that the Board has a wide discretion in regulating the liquor business, Kentucky Alcoholic Beverage Control Bd. v. Klein, 301 Ky.

757, 192 S.W.2d 735, but such discretion cannot be exercised arbitrarily or capriciously and must be based upon substantial evidence, Com. ex rel. Meredith v. Frost, 295 Ky. 137, 172 S.W.2d 905.

The judgment is affirmed.