**ALCOHOLIC BEVERAGE CONTROL BOARD, etc., Appellant.**

v.

**Ruth EVERSOLE, Appellee.**

Court of Appeals of Kentucky.

Jan. 28, 1955.

Hon. J. D. Buckman, Atty. Gen., Earle V. Powell, Asst. Atty. Gen., for appellant.

S. M. Ward, Hazard, for appellee.

CLAY, Commissioner.

The Alcoholic Beverage Control Board appeals from a judgment of the Franklin Circuit Court setting aside its order revoking appellee's retail package liquor and beer licenses.

Appellee had been charged with violating KRS 244.120 and 243.500(7). The former statute prohibits a person from maintaining disorderly premises or permitting criminals or people of ill repute to congregate thereon. The latter statute authorizes revocation of a license for permitting gambling on the premises.

The proof shows that on June 20, 1953, two deputy sheriffs found three men engaged in playing stud poker in a house at least 75 or 80 feet behind the premises leased by appellee. At the same time two men were arrested for being drunk near this house. There is some evidence that one of the card players ran when the officers appeared and entered appellee's liquor store. There is also a smattering of evidence that at one time or another persons had been observed passing between the liquor store and the house.

Appellee's father owned the property on which both the house and the liquor store

were located, and appellee leased the latter from him. Both appellee and her father testified that the house was being constructed as a residence, that it was not occupied, and that two of the persons engaged in playing poker had been employed to perform work in finishing the interior of the house. Both denied any knowledge of this gambling.

With respect to the two persons found drunk, appellee testified that only of them had come into her place of business and that she refused to sell him any alcoholic beverage.

Under KRS 243.570 the question before us is whether or not any substantial evidence supports the order of the Board. Like the trial court, we are of the opinion that the isolated incidents shown, which did not take place on appellee's premises and had no significant connection therewith, were wholly insufficient to establish the violations charged against appellee. See Alcoholic Beverage Control Board v. Coghill, Ky., 1954, 273 S.W.2d 570.

We, of course, cannot consider an affidavit appellants offered to file in the circuit court that showed conditions not presented at the hearing before the Board.

The judgment is affirmed.