**Harold MOBERLY et al., Appellants,**

v.

**Bernard H. THOMPSON etc., Appellee.**

Court of Appeals of Kentucky.

June 17, 1966.

———◆———

Harry Berry, Glasgow, Frank M. Dailey, Rudy Yessin, Frankfort, for appellant.

James W. Stites, Jr., Leon J. Shaikun, C. L. Bell, Louisville, for appellee.

HILL, Judge.

This is an appeal from a judgment reversing the order of the appellant Alcoholic Beverage Control Board, herein designated the Board, which denied the application of appellee Bernard H. Thompson, doing business as Bernie's Tavern, for liquor and beer licenses at 4028 South Third Street, Louisville, Kentucky, one block south of the premises in which he has been granted similar licenses for the past fourteen years.

Appellants are members of and compose the Alcoholic Beverage Control Board and Edgar B. Cox of Glasgow, Kentucky, who is the owner of the building which appellee Thompson will vacate in the event he is allowed to move south on the same street.

For appellants it is first insisted that appellee did not secure and indicate on his application the approval of the city administrator as KRS 243.370 requires.

The application was filed March 2, 1965. Apparently the application was prepared prior to February 23, 1965, for on the latter date after a protest was filed with the city administrator by appellant Edgar B. Cox, an order was entered by the city administrator overruling the objection and providing that "the license shall be issued." Cox appealed the order of the local administrator pursuant to KRS 241.200.

The transfer to other premises is controlled by KRS 243.650, but this section does not authorize a transfer under the conditions existing in the present case. So the Board apparently treated the application as a new application and proceeded to try the appeal from the order of the local administrator simultaneously with its consideration of the application for licenses. The failure to indicate on the application the approval of the local administrator became immaterial in view of the Board's findings of fact and order of July 7, 1965, as his approval is not mentioned and the evidence shows a copy of the order of the local administrator was in the record and considered by the Board. The Board rejected the application and refused to grant the license at the new location, not on the failure of the applicant to indicate the approval of the local administrator on his application, but on the grounds that "the approval of the licenses at the new location would not be in the public interest."

In discussing the discretion of the Board and the power of this court in reviewing the action of the Board, this court said in Alcoholic Beverage Control Board v. Coghill, Ky., 273 S.W.2d 570, 571:

"True, we have written that the Board has a wide discretion in regulating the liquor business, Kentucky Alcoholic Beverage Control Bd. v. Klein, 301 Ky. 757, 192 S.W.2d 735, but such discretion can-

not be exercised arbitrarily or capriciously and must be based upon *substantial evidence*, Com. ex rel. Meredith v. Frost, 295 Ky. 137, 172 S.W.2d 905." (Our emphasis.)

With these ground rules in mind, our inquiry boils down to this: Was the order of the Board refusing licenses at the new location supported by substantial evidence? We agree with the judgment of the circuit court and conclude that the order of the Board was not supported by substantial evidence.

The evidence of appellant Cox in no way supports the findings of the Board that the granting of licenses is not in the "public interest." In fact, his evidence refutes the idea that the public interest will be adversely affected. We quote from his testimony:

"Q. 31 Do you think moving this location one block south of your present premises would in any way hurt the neighborhood where your property is presently located.

"A. No.

"Q. 32 It won't hurt it, will it?

"A. No.

"Q. 33 The only harm that will be done is that you will lose the right to have that alcohol license there"

"A. As far as I know."

The evidence of police Lieutenant Roy Nall, an officer for seventeen years, showed that appellee "runs a very orderly tavern and restaurant combined."

Three witnesses, who reside in the vicinity of the new location, testified substantially that they did not drink and were opposed to the granting of licenses at the new location. One of them based his objection on the possibility of impairment of the market value of his property. The other two feared the neighborhood would be littered with beer cans and other disposal items in the event the location was moved. One witness said he would not feel safe in living there in the twilight of his life.

It was stipulated that the wives of the three witnesses mentioned above and a Mr. and Mrs. Alexander would testify substantially the same as the three witnesses used. Appellee introduced a number of witnesses residing in the neighborhood of the new location who voiced no objection to the change in location. It is also uncontradicted that the area in which the new location is sought has been classified as "commercial." It is worthy of note that in the area west of Third Street, between Evelyn and Kenton Streets, not one person appeared to object.

Mr. Jewel Dismang, investigator for the Board, testified that he checked the neighborhood to get the opinion of the people in regard to the issuance of licenses for the purposed premises and found five persons against and three for the proposed new location. His testimony is contradicted by his own report filed in the record which indicated five or possibly six favoring to three opposing issuance of the licenses.

There is no parking space other than on Third Street in the vicinity of appellee's present location, but it is shown that there will be forty parking spaces near the proposed site on a lot owned by appellee's wife.

After considering the insignificance of the distance between the present and the proposed locations, the nature of the objections raised, the fact that the area of the proposed location has been classified as commercial, and the character of evidence produced in support of the charge, we have no hesitancy in concluding that the order of the Board denying the application for licenses is not supported by "substantial evidence."

The judgment is therefore affirmed.