**Ruth CLEMONS, Appellant,**

**v.**

**KENTUCKY ALCOHOLIC BEVERAGE CONTROL BOARD et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 31, 1969.

As Modified on Denial of Rehearing June 27, 1969.

Edward F. Prichard, Jr., Frankfort, for appellant.

John D. Darnell, Frankfort, for appellees.

MONTGOMERY, Chief Justice.

Ruth Clemons appeals from a judgment upholding the action of the Alcoholic Beverage Control Board in revoking her retail liquor and beer licenses. She had been charged with selling liquor while her licenses were suspended and with making a Sunday sale in violation of KRS 244.290.

The facts are uncontradicted on the first charge. On Saturday, October 9, 1965, and on Sunday, October 10, 1965, while appellant's licenses were suspended, Agent Anderson of the Board made purchases of half pints of J. W. Dant whisky from an agent or servant of appellant's, her husband.

Appellant attacks the evidence to sustain the second charge on the ground that inadmissible hearsay evidence was admitted.

State Trooper Homer Howard testified that on Sunday, January 16, 1966, at 12:16

a.m., he saw a boy with a paper bag in his hand come out of the licensed premises of appellant. This boy identified himself as Gene Combs and stated to the trooper that he had bought the six-pack of beer in the sack in appellant's place of business. His explanation was that he had bought the beer earlier in the night and had lingered after closing time. Two other boys in a car, with headlights burning, were awaiting Combs in front of the premises. Combs did not testify.

■ The decision of the Alcoholic Beverage Control Board must be based on substantial evidence having probative value. Reinsperg v. Reed, 313 Ky. 683, 233 S.W. 2d 412; Alcoholic Beverage Control Board v. Coghill, Ky., 273 S.W.2d 570; Alcoholic Beverage Control Board v. Woosley, Ky., 367 S.W.2d 127.

■ While appellant attacks the testimony of the trooper concerning the statement of Combs as hearsay, the objection is made for the first time on appeal and is therefore neither timely nor available. However, the evidence other than the statement complained of is sufficient to support the holding of the Board that KRS 244.090 had been violated. George v. Alcoholic Beverage Control Board, Ky., 421 S.W.2d 569.

This view of the case renders meritless the further argument that where the proof is insufficient on one charge, the judgment should be reversed so that the Board may consider the case solely on the remaining charge. In Barker v. State Alcoholic Beverage Control Board, 301 Ky. 591, 192 S.W. 2d 726, this court held that where there were three violations charged, proof of any one charge was sufficient to sustain revocation of the license.

Judgment affirmed.

All concur.