## Leister v. State Alcoholic Beverage Control Board et al.

Jan. 19, 1943.

M. Joseph Schmitt and Allen Schmitt for appellant.

Hubert Meredith, Attorney General, Harry France, Assistant Attorney General, and R. Boyd Robertson for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Reversing.

Pursuant to notice, appellant appeared before the City Alcoholic Beverage Administrator of Louisville on the 22nd day of September, 1941, to show cause why his retail beer and retail liquor licenses should not be revoked. The notice is in the following words and figures:

"This is to notify you to appear before the City Alcoholic Beverage Administrator on Tuesday, September 23, 1941, at 1 P. M., in the office of the City Alcoholic Beverage Administrator on the first floor of the City Hall Annex in order to show cause why your malt beverage license and distilled spirits license should not be revoked because on Sunday, September 14, 1941, your licensed premises.

at 501 N. 17th Street were not conducted in an orderly manner and disorderly conduct was permitted thereon in violation of Paragraph (c) of Section 33 of Ordinance No. 133, Series 1938 of the City of Louisville.

"You may be represented by counsel if you wish, and any witnesses you care to present will be introduced."

Upon revocation of both licenses he appealed to the Alcoholic Beverage Control Board which sustained the revocation, from which order an appeal was taken to the Franklin Circuit Court, where it was affirmed. We are asked to review the proceedings and reverse the judgment.

The first cause of complaint, and the only one with which we will concern ourselves, is that, although appellant was cited because of disorderly conduct which occurred on the premises on September 14, at the hearings before the City Administrator and the Alcoholic Beverage Control Board witnesses were permitted to testify concerning misconduct on many other dates.

We are of the opinion that in cases of this character the licensee should be given notice of the offense charged and the dates, or at least approximate dates, it is charged the ordinance was violated and that the evidence should be confined to the dates mentioned in the notice. It is impossible for us to tell whether the City Administrator or the Alcoholic Beverage Control Board revoked the licenses on the evidence concerning the violations allegedly committed on September 14, or the evidence of violation at other dates. For that reason we are constrained to reverse the judgment for proceedings not inconsistent with this opinion. All other questions are reserved.