THOMAS DI TRAGLIA *vs.* JAMES S. DANEKER,
*Acting Liquor Control Administrator.*

JUNE 24, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is a petition for a writ of certiorari to have this court review and quash a decision of the respondent acting liquor control administrator, hereinafter referred to as the administrator. The writ was issued and in compliance therewith the records in question have been certified to this court.

It appears that petitioner was the holder of a class B victualer's liquor license in the city of Cranston. On July 17, 1954, after a hearing on charges duly preferred, the city council sitting as a board of license commissioners revoked his license for selling or having suffered to be sold or delivered intoxicating beverages to minors in violation of general laws 1938, chapter 165, §3, as amended by public laws 1949, chap. 2177. The petitioner thereupon appealed to the administrator who, after a lengthy hearing, denied and dismissed the appeal and affirmed the order of the board revoking the license.

It is unnecessary to refer to the evidence of record since only questions of law are involved. The petitioner's main contention, as we understand it, is that neither the board in the first instance nor the administrator thereafter had authority to hear and determine charges based upon a violation of G. L. 1938, chap. 165, §3. He argues that §3, as amended, impliedly if not expressly repealed or suspended

all other statutory provisions inconsistent therewith, particularly G. L. 1938, chap. 163, §10, as amended; and that before the board or the administrator has authority to revoke his license under chap. 165, §3, "he must first be convicted in a court of law," otherwise there would be an improper delegation of judicial power in violation of article III, and article X, section 1, of the Rhode Island constitution, and of article XII, section 1, of the amendments thereto.

The public has a vital and continuing interest in the control and supervision of the liquor traffic. Therefore the business of selling beverages, if permitted at all, is clearly and completely subject to the police power of the state in order that the health, morals and safety of the people generally may be protected against the evils of intemperance. In the exercise of that power the state may impose restrictions and burdens, however great, which the legislature may deem advisable to prescribe, so long as such provisions are not discriminatory or inconsistent with federal or state constitutional requirements. *Tisdall Co.* v. *Board of Aldermen,* 57 R. I. 96, 103.

In this state the liquor traffic is regulated by a license system under ultimate state control and supervision. See *Baginski* v. *Alcoholic Beverage Comm'n,* 62 R. I. 176. As hereinbefore stated, petitioner was granted a class B victualer's liquor license by the licensing board of the city of Cranston. General laws 1938, chap. 163, §10, as amended by P. L. 1948, chap. 2124, provides, among other things, that if any licensed person shall permit any of the laws of this state to be violated in the place where he is licensed to sell intoxicating liquor, "in *addition* to any punishment, penalty or penalties which may be prescribed by statute for such offense, he may be summoned before the board, body or official which issued his license or before the liquor control administrator when he and the witnesses for and against him may be heard * * *." (italics ours)

Section 10 then provides that if upon such hearing "it shall be made to appear to the satisfaction of the board, body or official" that the licensee had permitted a violation of law on his premises as charged, the designated board, body or official "may suspend or revoke his license or enter other order thereon." It is further provided that in case the license is revoked, the licensee shall cease to have any authority thereunder and shall be disqualified from holding any license for the sale of intoxicating liquor for a period of five years following such revocation. Furthermore, G. L. 1938, chap. 164, §5, as amended by P. L. 1940, chap. 814, provides: "Every license shall be subject to revocation or suspension by the board, body or official issuing the same," for breach of the conditions by the holder thereof on which it was issued, or for violation of any rule or regulation applicable thereto, or for breach of any provisions of title XX, entitled "Alcoholic Beverages," under which appear the various chapters dealing with the liquor traffic.

As previously stated, petitioner contends that in a case where the charge against a licensee is the sale of intoxicating liquors to minors the foregoing statutory provisions were in effect repealed by P. L. 1949, chap. 2177, an act in amendment of and in addition to G. L. 1938, chap. 165, §3. Clause A of chapter 2177 provides, among other things, that a licensee who sells intoxicating liquor to a minor "shall be fined not more than $500.00 or be imprisoned not more than one year, or both * * *" and shall thereafter for the term of five years next following his conviction be disqualified from holding any license for the sale of intoxicating liquors.

It is impractical to set out in full the stringent provisions of Clause B of chap. 2177. Generally speaking, it is thereby declared unlawful for a minor to enter premises licensed for the retail sale of alcoholic beverages for the purpose of purchasing, obtaining, or having served to him or her, through misrepresentation of age or otherwise, any such beverage. A person violating its terms "shall be deemed

and adjudged to be a disorderly person, and upon conviction thereof, shall be punished" in a prescribed manner.

It is now unquestioned that a license to sell liquor at retail, as in the instant case, is merely a permit to do that which, under our system of local option, would be unlawful unless approved by the people of the respective cities and towns. When there is such approval the power to issue the license and thereafter to supervise the conduct of a licensee thereunder is granted by statute to the municipal board, body or official charged with the duty of exercising those functions. Such statutory provisions do not amount to an unconstitutional delegation of legislative power. They only confer administrative and regulatory authority upon a governmental agency for better control of the liquor traffic. See *Sepe* v. *Daneker,* 76 R. I. 160. The decision of a local licensing agency may be appealed to the liquor control administrator who, in effect, is established, by P. L. 1948, chap. 2124, as a state superlicensing authority with power in his sound discretion to review the case *de novo,* either in whole or in part, and "to make such decision or order as to him shall seem proper * * *." His adjudication in the matter will be reviewed by this court on certiorari only for alleged errors of law. *Baginski* v. *Alcoholic Beverage Comm'n, supra; Kaskela* v. *Daneker,* 76 R. I. 405.

In addition to the above-mentioned administrative actions with reference to the *license,* the holder thereof is further subject to criminal prosecution for violations of the substantive law relating to the unlawful sale of liquor which the legislature, in the protection of the public welfare, has deemed of sufficient importance to punish by fine, or imprisonment, or both. The two proceedings are not interdependent; they are coexistent and not mutually exclusive. A licensee for the sale of liquor at retail is subject to the provisions of both administrative and substantive law. The proceedings by the local authorities to suspend or revoke his license for unlawful sales of alcoholic beverages to mi-

nors, as here, are entirely separate and distinct from a criminal prosecution by the state for that same offense. Relatively speaking, the former is in the nature of an action *in rem,* while the latter affects the licensee personally. Both proceedings may be instituted and maintained concurrently or otherwise.

There is no merit in petitioner's contention that P. L. 1949, chap. 2177, in effect repealed the provisions of G. L. 1938, chap. 163, §10, and that thereafter a local licensing board, body, or official was without authority to suspend or revoke a license on that ground, at least until after final conviction in a criminal prosecution for selling liquor to minors. There is no indication in chapter 2177 of any such legislative intent. A mere reading of its provisions, which are expressed in ordinary and unambiguous language, clearly shows that the legislature intended to strengthen and not to weaken the regulatory law with reference to the sale of liquor to minors. That chapter not only reiterates in a more comprehensive manner the liability of a license holder to fine or imprisonment as provided in G. L. 1938, chap. 165, §3, for such unlawful conduct, but it also declares for the first time that a minor who enters a licensed place to purchase or otherwise obtain any alcoholic beverage shall be deemed a disorderly person and shall be punished by fine as prescribed.

The petitioner's fundamental error, which vitiates his whole contention, consists in failing to recognize that the two statutes under discussion operate concurrently, and that as a license holder for the sale of liquor at retail he was subject to the provisions of both the administrative and substantive law as herein set forth. There is no doubt that in revoking his license for selling liquor to minors both the board and the administrator respectively acted solely under the authority conferred upon them by G. L. 1938, chap. 163, §10, for the due administration and supervision of the liquor traffic in a matter that is of increasing concern

to the state in the protection of the public generally against the evils of intemperance. We find no reason in law warranting us to disturb the order of the administrator.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers certified to this court are ordered returned to the respondent with our decision endorsed thereon.

*Francis Castrovillari,* for petitioner.

*William E. Powers, Atty Gen., Edward F. J. Dwyer, Ass't Atty. Gen., Benjamin Winicour,* for respondent.