ALFRED J. BRASSARD, JR. *et al. vs.* LAWRENCE A. McCARTHY, *Mayor.*

FEBRUARY 2, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Baker, Condon and O'Connell, JJ.

480

FLYNN, C. J. This is a petition for certiorari to quash the records of certain actions by the respondent mayor of the city of Pawtucket in hearing and deciding a charge that the petitioner Alfred J. Brassard, Jr. was guilty of "misconduct" in his office as a member or commissioner of the housing authority of said city and in removing him therefrom on such ground. We issued the writ and pursuant thereto the pertinent records have been certified to this court.

The case was briefed and argued before us together with an amended petition in equity in the nature of quo warranto entitled *Powers, ex rel. Brassard* v. *Brunelle,* 83 R. I.

485, which involves conflicting claims to the same office of commissioner of the housing authority.

It appears from the record in the instant case that petitioner Alfred J. Brassard, Jr. was duly appointed and qualified as a commissioner of the Housing Authority of the City of Pawtucket on July 14, 1952 pursuant to general laws 1938, chapter 344; and that the respondent mayor on July 14, 1954, acting under §8 of said statute, preferred a certain charge against petitioner which appears in the written notice to him as follows: "I hereby request you, Alfred J. Brassard, Jr. to appear at a hearing to be held at the office of the Mayor, City Hall, Pawtucket, Rhode Island at 10:00 o'clock A.M. on August 2, 1954 to answer to a charge, hereby made by me, that you have been guilty of misconduct in your office as a member of the Housing Authority of the City of Pawtucket, Rhode Island. You are entitled to be heard in person or represented by counsel at said hearing."

The petitioner's attorneys on July 29, 1954 notified the respondent in writing in substance that §8 of the above-mentioned statute, which authorizes the mayor to remove a commissioner on charges, also provides that notice of the charges must be given an accused at least ten days before trial thereon; that it was then four days before the date assigned for trial by respondent in his notice; that no specification of the alleged misconduct had been received by petitioner; and that in the circumstances respondent would be acting without or in excess of his authority if he proceeded to an actual trial on August 2, 1954. Accordingly they suggested that such date be canceled and that no trial be held until ten days subsequent to their receipt of a copy of the charges.

When the respondent failed to give any further specification or to cancel the date for trial, the petitioner's attorneys appeared on the day of trial as fixed in the notice and entered a special appearance. They then renewed their

challenge to the mayor's jurisdiction to proceed to trial at that time without first having given a statement of the charge so that they might know the offense with which petitioner was charged. The respondent, however, interpreted the notice and charge of "misconduct" as sufficient compliance with the pertinent provisions of the statute and denied petitioner's request. Thereupon petitioner and his attorneys, standing on the special appearance and challenge to the respondent's jurisdiction to proceed further at that time, withdrew from participation and the trial proceeded. Evidence was introduced and thereafter respondent rendered a decision against petitioner and removed him from office. As a result of such actions Clovis D. Brunelle was then appointed to the office of commissioner to fill the vacancy caused by said removal of petitioner.

The charge of "misconduct" was preferred by respondent in the language of G. L. 1938, chap. 344, §8, which reads as follows: *"Removal of Commissioners.* The mayor may remove a commissioner for inefficiency or neglect of duty or misconduct in office, but only after the commissioner shall have been given a copy of the charges against him (which may be made by the mayor) at least 10 days prior to the hearing thereon and had an opportunity to be heard in person or by counsel."

In our judgment a charge as made in the language of the statute is valid for the purposes of notifying the accused of the commencement of proceedings against him and of clothing the mayor with jurisdiction generally over the subject matter. However, we are also of the opinion that in order to justify proceeding further to an actual trial "the charge must be sufficiently explicit to support itself." *State* v. *Spink,* 19 R. I. 353, 354. In other words, if the charge is stated in the language of the statute, it must sufficiently disclose the nature of the offense on which the accused is to be tried so that he may prepare his defense and have a fair trial. Where the language of the statute does not fairly

notify him of the nature of the offense with which he is charged, he is entitled to a bill of particulars to aid him in preparing his defense, provided he makes a timely request therefor.

In this respect the underlying principle is not essentially different from that which was involved and followed in *Reynolds* v. *Mayor and Aldermen,* 23 R. I. 370. There a police officer was tried and removed on a charge that he was guilty of misconduct. This court, at page 372, held: "A trial of an officer upon charges is analogous to a criminal complaint to this extent, at least—that the accused should be informed of the charge, so that he may know beforehand what the particular offence is with which he is charged and be able to prepare his defence."

Later the law as stated in the *Reynolds* case was approved and applied in *Sanders* v. *Town Council,* 30 R. I. 488, where the charge against a chief of police was "incapacity." In this connection see also *Girouard* v. *Board of Police Comm'rs,* 52 R. I. 47, where the court, although recognizing the impracticability of establishing strict technical rules of procedure in similar cases, held at page 50: "But it is essential that there shall be a fair hearing on definite charges after notice given and a specific statement in the record of the board of the cause for removal." To the same general effect see also *Kavanaugh* v. *Paull,* 55 R. I. 41.

In our opinion it is clear from these cases that a general charge of "misconduct," as made in the instant case, is not considered sufficiently informative of the nature of the offense to support an actual trial and removal on that ground, at least where timely objection or request for particulars are made. Such charge might include acts of nonfeasance, misfeasance or malfeasance. To insist that petitioner proceed to actual trial without knowing any specification or particulars of the alleged misconduct would not enable him to prepare his defense and in effect would deprive him of a fair trial as contemplated by the law.

.The only remaining question here is whether petitioner had failed to make a timely objection or to request such particulars as would enable him to know the offense and prepare his defense. While neither the pre-trial communication of petitioner's attorneys nor their objection on the day of trial was *eo nomine* in the form of a motion for a bill of particulars, nevertheless when fairly read together they leave no doubt that petitioner's sole objection to respondent's jurisdiction to proceed at that time was premised wholly on their need and demand for sufficient particulars to prepare the defense and to secure a fair trial as intended by the law.

In the circumstances we interpret such statements as being in substance and effect the equivalent of a motion for a bill of particulars. Consequently respondent should have complied with petitioner's request by providing adequate specification or particulars and should have continued the case in accordance with the statute. In our judgment he exceeded his jurisdiction thereunder by proceeding to the actual trial of the petitioner on the general charge of "misconduct" without providing any specification or particulars which would be sufficient to enable the accused fairly to know the nature of the offense and to prepare his defense.

In this connection we point out that another statute, G. L. 1938, chap. 625, §3, clause 4 (b), which is relied on by respondent in argument, does authorize the filing of a criminal complaint in the language of a statute. However, respondent apparently overlooks the requirement therein which authorizes such a pleading where the terms of the statute are "sufficient to give the court and the defendant notice of what offense is intended to be charged." The instant charge of "misconduct," though in the language of the statute, is not sufficient for the above-mentioned purposes, so far as proceeding to actual trial is concerned.

The petition for certiorari is therefore granted, the records of the actions complained of are quashed but only so

far as they relate to the actual trial, decision and removal of petitioner Alfred J. Brassard, Jr. from his office as commissioner of the Housing Authority of the City of Pawtucket, and the records and papers are ordered sent back to the respondent with our decision endorsed thereon.

*Raymond F. Henderson, J. Frederick Murphy,* for petitioners.

*John A. O'Neill, City Solicitor, Harvey J. Ryan, Ass't City Solicitor,* for respondent.