NOCERA BROS. LIQUOR MART INCORPORATED *vs.*

LIQUOR CONTROL HEARING BOARD.

MAY 18, 1956.

PRESENT: Flynn, C. J., Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is a petition for certiorari to review the action of the liquor control hearing board in suspending petitioner's class A license. We issued the writ and in compliance therewith the board has certified to this court all of its records pertaining to such suspension.

It appears therefrom that petitioner's license was originally suspended by the liquor control administrator before whom petitioner was tried and found guilty on a charge of violating rule 67 of the rules and regulations of the liquor control administration. The petitioner appealed to the liquor control hearing board. After a hearing of the appeal *de novo* on all questions of law and fact as authorized by public laws 1940, chapter 821, sec. 129, the board upheld

the administrator's decision and found petitioner guilty as charged. Thereupon petitioner brought the instant petition alleging therein that the board erred. The filing of the petition resulted in the parties stipulating in writing "that pending the hearing and determination of this petition the order of the Liquor Control Hearing Bd suspending petitioner's license may be further stayed."

Prior to the hearing before the board petitioner moved to dismiss the charge on the ground that it was too vague and general in that it did not specify in what manner and respect rule 67 had been violated. The charge was contained in a letter from the administrator to petitioner stating that it had violated the rule on Tuesday, December 15, 1953. The letter also contained a quotation of the rule as follows: "The minimum retail bottle price to be charged to the consumer by a retailer for any brand of merchandise with the excepttion of Cordials, cocktails, wines and malt beverages, shall be such that the gross profit to the retailer shall not be less than 25% of the cost of said merchandise to said retailer. In the case of cordials and cocktails, the price shall be such as to allow the retailer a gross profit of not less than 45% of the cost as to cordials and cocktails; in the case of sweet wines a gross profit of not less than 50% of the cost as to sweet wines and in the case of dry wines a gross profit of not less than 40% of the cost as to dry wines. A discount of 5% may be allowed on sales of full unbroken cases. The cost of merchandise used in determining the retail minimum sales mark-up shall be based on the wholesaler's posted price. State sales tax is in addition to the above minimum sales price."

After a hearing on the motion the board denied it. The petitioner contends that this was error as the administrator's letter amounted to no more than a mere allegation of a violation of the rule. Such an allegation, petitioner argues, is generally held to be illegal and insufficient. In support of that contention it relies on 1 Woollen and Thorn-

ton, Law of Intoxicating Liquors, §448, p. 737, wherein it is stated: "Merely alleging that the licensee had violated the liquor ordinance or statute without stating in what respect, is not sufficient."

In this state it has been held repeatedly that a crime may be charged in the language of the statute. *State* v. *McMahon,* 14 R. I. 285; *State* v. *Tourjee,* 26 R. I. 234; *State* v. *Davis,* 37 R. I. 373; *State* v. *Ephraim,* 80 R. I. 321; *State* v. *Jorjorian,* 82 R. I. 334, 107 A.2d 468. In the last-cited case we stated, at page 338: "Ordinarily it is permissible to plead in accordance with the terms of a statute, at least where the language is not so general as to embrace within its terms possible offenses obviously not intended to come within its meaning." Of course where it is shown that the accused reasonably needs more particulars in order properly to prepare his defense they should be furnished before he is compelled to go to trial. But the showing of such need does not invalidate an indictment. *State* v. *Ephraim, supra.*

There is no reason to apply a more stringent rule in a case involving the exercise of the administrative process. Indeed in cases of that kind the common-law rules of pleading and procedure are ordinarily less stringently applied. *Kavanaugh* v. *Paull,* 55 R. I. 41. We have recently held that failure to allege particulars in the original charge in such a case did not vitiate the proceeding but merely exempted the accused from going to trial until such particulars were furnished. *Brassard* v. *McCarthy,* 83 R. I. 479, 120 A.2d 325.

In the case at bar we think the administrator's letter to petitioner may be reasonably deemed tantamount to charging it with a violation of rule 67 in the language of the rule itself. If petitioner needed more particulars it should have seasonably requested them at the hearing before the administrator or at the latest before the board. It did neither, but apparently was content to rest its defense on

protests by its counsel against the procedure adopted without formally moving for particulars. In such circumstances it cannot complain here that it has not been able to prepare its defense for lack of such particulars. We are, therefore, of the opinion that the board did not err in denying its motion to dismiss the charge.

The petitioner's second contention is that the board misunderstood this court's reference to rule 67 in *Nocera Bros. Liquor Mart, Inc.* v. *Liquor Control Hearing Board*, 81 R. I. 186, and hence misconceived the legal status of that rule. We do not agree. The board correctly interpreted the legal effect of that opinion, although it may have incorrectly stated in its decision that "the Supreme Court has already ruled on the legality of Rule 67." What we said there, at page 191, was: " * * * we do not find any question properly before us relating to the validity of such rule." This left the rule in effect. Hence, after receiving our opinion the administrator was correct in so notifying all licensees.

Under its third contention petitioner claims that there was no evidence before the board to support the charge against it. In making that claim petitioner relies upon the view that the administrator's witnesses did not testify that any goods had been sold in violation of the rule or that the posted wholesale price was the actual cost of the goods to petitioner. There is no merit in such contention. In our opinion it was sufficient that the uncontradicted testimony showed that petitioner by its agent admitted on December 15, 1953 that it was selling below the minimum prices required by rule 67 and that its posted prices were below such minimum. In this certiorari proceeding we do not undertake to weigh the testimony. We examine it merely to decide whether there is legal evidence upon which the board could lawfully base its decision. We are satisfied that there is and that the board did not err in resting its decision thereon.

The petitioner's fourth contention is that rule 67 was

not established in conformity with the power granted by P. L. 1941, chap. 1038, in that the administrator exceeded his authority in providing in such rule that the wholesaler's posted price and the state sales tax should be the bases for establishing the retailer's cost in fixing the price to the consumer. The petitioner contends that other costs of the wholesaler mentioned in rule 52 in fixing wholesaler's prices to the retailer should also be included in establishing the cost of goods to the retailer. We are aware of no provision in chap. 1038 which could be reasonably construed as requiring the administrator to incorporate in rule 67 the same elements prescribed in rule 52 for establishing the cost of the goods to the wholesaler. In the absence of any such requirement we think the administrator did not exceed his authority in formulating the rule as he did.

The petitioner finally contends that the board erred in disallowing certain questions pertaining to the promulgation of rule 67. Those questions were addressed to the administrator, and petitioner claims in argument here that if it had been allowed it would have elicited testimony tending to show that the rule was not promulgated on his own volition and was therefore invalid. Aside from the fact that there is no offer of proof in the record, we do not see how such testimony could have invalidated the promulgation of the rule. Whether it was promulgated by the administrator entirely on his own initiative or was ordered by his superior, the director of the department of business regulation, it would be valid in accordance with the authority expressly conferred by P. L. 1939, chap. 660, sec. 120. Therefore, petitioner was not prejudiced by the exclusion of such testimony.

The petition is denied and dismissed, the writ heretofore issued is quashed, and the records certified pursuant thereto are ordered returned to the liquor control hearing board for further proceedings.

ON MOTION FOR REARGUMENT.

JULY 25, 1956.

PER CURIAM. After our decision in the above case the petitioner asked and received permission to file a motion for reargument. Pursuant to this permission it has filed such a motion, setting out therein certain reasons on which it bases its contention that justice requires a reargument of the case. We have carefully considered those reasons and we are of the opinion that they are without merit.

Motion denied.

*Coffey, Ward, Hoban & McGovern, John G. Coffey,* for petitioner.

*William E. Powers,* Atty. Gen., *Edward F. J. Dwyer,* Ass't Atty. Gen., *Benjamin Winicour,* for respondent.