MARJORIE W. HALLENE *d.b.a.* ACE OF CLUBS *vs.*
NATHANIEL W. SMITH, JR., *Liquor Control Administrator.*

JULY 1, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

ROBERTS, J. This petition for certiorari was brought to review the action of the state liquor control administrator suspending the petitioner's license for the sale of alcoholic beverages in an establishment located in the town of North Kingstown. The writ issued, and the respondent administrator has certified the record of the proceedings in the cause to this court. The order of suspension was stayed by us until the return day of the writ, the petitioner being given

362

leave to show cause at that time why the stay should remain in effect. For cause shown, the stay was continued in effect until further order of this court.

It appears that petitioner, doing business as the Ace of Clubs, operates under a class B victualer's retail beverage license issued by the board of license commissioners of that town. The record discloses that on November 27, 1963 petitioner received notice in writing that the police department had reported to the town council an "apparent violation of Section 3-8-1 of the General Laws of 1956, as amended, in delivering intoxicating beverages to a minor on the licensed premises * * * on November 9th, 1963 and November 14th, 1963 * * *." The board of license commissioners held a hearing on such complaint on December 2, 1963 and thereupon suspended the license for a period of ten days, from which decision petitioner appealed to the state liquor control administrator pursuant to §3-7-21.

He heard the appeal de novo, rejected petitioner's challenge to the jurisdiction of the local board and, on evidence adduced before him, found that the alleged violation had been proved. He thereupon denied and dismissed petitioner's appeal, affirmed the decision of the local board, and entered his order suspending the license for a period of ten days.

When a decision of the liquor control administrator is brought to this court for review by certiorari, it is settled that such review will be limited to errors of law. *Kaskela v. Daneker*, 76 R. I. 405. A consideration of the nature of the business under regulation and the scope of the review that the administrator has been empowered to make with respect to decisions of local licensing authorities requires that this court, in our opinion, proceed under the writ only to confine the actions of the administrator within the limits of the authority conferred upon him by the legislature.

The petitioner charges the administrator with error of law in exercising his jurisdiction to review a decision of a

local board that was void because the hearing on which it rests was illegal for want of notice to her of the provision of law the violation of which constitutes the ground for the charges. She contends, as we understand her, that the local board erred in that it heard and determined a violation, if any, of §3-8-5, which makes the sale or delivery of liquor to a minor a criminal offense, but that the notice of the hearing charged her with a violation of §3-8-1, which she contends simply defines the extent of the authority of local licensing boards to authorize dealing with alcoholic beverages under the licenses issued by them.

The thrust of this argument is persuasive of the need for this court to consider again the purpose of §3-7-21, which vests in the administrator jurisdiction to review decisions of local boards suspending or revoking licenses. Said section reads, in pertinent part: "* * * or upon the application of any licensee whose license shall be revoked or suspended by any local board or authority, the liquor control administrator shall have the right to review the decision of any local board, and after hearing, to confirm or reverse the same in whole or in part, and to make such decision or order as to him shall seem proper * * *." The local board acts in these premises pursuant to §3-5-23, which hereinafter shall be discussed by this court.

The parties and the administrator appear to assume that the jurisdiction conferred by §3-7-21 upon the administrator is appellate and that, absent a showing that the local board acted within the scope of the authority conferred upon it by §3-5-23, his jurisdiction could not properly be exercised. Such a view is inconsistent with this court's frequent declaration that §3-7-21 constitutes the administrator a statewide superlicensing authority with power to review these causes de novo and with a broad discretion to affirm or reverse the decision of the local board in whole or in part. *Di Traglia* v. *Daneker,* 83 R. I. 227.

The authority conferred upon the administrator in §3-

7-21 vests him with a broad power to make findings of fact that is conferred only rarely upon an appellate tribunal. The scope of this fact-finding power, along with the concomitant authority to draw conclusions of law as the basis upon which a decision of the prior hearing may be reversed in whole or in part, is significant of an intention to grant original jurisdiction. In the interests of an orderly and expeditious administration of the liquor control law and the licensing function, we at this time undertake to clarify in some measure the true nature of the jurisdiction vested in the administrator by §3-7-21.

When §3-7-21 is read in its entirety, it discloses by necessary implication a legislative intent to provide licensees with a de novo hearing of the cause rather than an appellate review of the decision. This court in *Baginski* v. *Alcoholic Beverage Commission*, 62 R. I. 176, construed the section, then P. L. 1933, chap. 2013, sec. 14, as intended to provide licensees whose licenses had been revoked or suspended with a full and complete hearing on the merits before a state licensing authority. This court noted therein that if sec. 14 were intended to provide a broad and comprehensive control by the state over the liquor traffic and to vest that control in an administrative body, such body of necessity would need a power and authority adequate to enable it to discharge its duties in the exercise of such control to the full. At page 179 the court went on to say: "In that case, the use of the word 'review' in sec. 14, if given its narrow, technical meaning in the law of appellate procedure, is inconsistent with the primary intention of the legislature and tends to restrict greatly the measure of control which the state, by its commission, can exercise over the local boards." In short, the court expressly states its view that a mere appellate review under §3-7-21 would be insufficient for the exercise of state supervision over local licensing authorities, the purpose for its enactment.

At page 182 of that opinion the court said: "* * * then

the conclusion is irresistible that the legislature, which charged the commission with the carrying out of its legislative policy, likewise intended to vest in it the broadest, rather than the narrowest, power over local bodies in order to insure a state-wide conformity to the law. * * * It is significant that, by this language, the legislature did not limit the power of the commission to a mere review of errors of law, as it might easily have done, but expressly gave the commission the broad power, 'to make such decision or order *as to it shall seem proper.*' " In *Kaskela* v. *Daneker, supra,* it is made clear that the powers conferred by the statute upon the alcoholic beverage commission were transferred in full to the liquor control administrator by the pertinent provisions of P. L. 1948, chap. 2124.

The concept of an original jurisdiction vesting in the administrator posits a legislative intent to provide a licensee whose license has been suspended or revoked by a local board with a de novo hearing before a state officer who is vested with a broad fact-finding power and plenary authority to revise or alter the decision of the local board. Hence, to construe §3-7-21 as vesting the administrator with a jurisdiction limiting him merely to review a decision of a local board for errors of law would be to preclude his functioning as a licensing authority at the state level, clearly the legislative purpose in enacting §3-7-21.

We conclude then that §3-7-21 contemplates not an appeal, but a proceeding to transfer or remove a cause from the jurisdiction of a local board to that of the state tribunal that may be invoked whenever a local board acts adversely to the license under consideration. When this provision is properly invoked, it transfers the jurisdiction of the cause from the local board to the administrator by operation of law, and the cause then pending before the administrator is entirely independent of and unrelated to the cause upon which the local board acted. Error of law or fact inhering in the latter proceeding is without legal consequence on

the jurisdiction of the administrator. When it is pending before the administrator on a hearing de novo, the cause is precisely the same as when it stood before the local board prior to its removal. The issue therein is the same, and the posture of the parties remains the same as that in which they stood before the local board. In short, the cause, when removed to the jurisdiction of the administrator, stands as if no action thereon had been taken by the local board.

In the circumstance petitioner's contention that the local board acted in excess of its jurisdiction cannot affect the jurisdiction of the administrator to *hear* the cause de novo. It does not follow, however, that the authority of the administrator to suspend or revoke the license is other than that prescribed as the authority of local boards in §3-5-23. Neither does it follow that the requirement of due process concerning hearing and notice of charges does not apply to the administrator. In this respect the jurisdiction of the administrator may be challenged at any time in the course of the proceedings. We turn then to the question whether a hearing by the administrator of the charges made against the licensee here would by reason of want of legal notice deprive her of due process of law.

The authority of a local board to suspend or revoke a license issued by it is conferred by §3-5-23, which, in pertinent part, reads: "If any licensed person shall permit the house or place where he is licensed to sell beverages under the provisions of this title to become disorderly * * * or shall permit any of the laws of this state to be violated therein, in addition to any punishment, penalty or penalties which may be prescribed by statute for such offense, he may be summoned before the board, body or official which issued his license or before the liquor control administrator when he and the witnesses for and against him may be heard; and if it shall be made to appear to the satisfaction of the board, body or official hearing such charges that he has * * * permitted to be done any of the things hereinbefore

in this section mentioned, then said board, body or official may suspend or revoke his license or enter other order thereon." It is not disputed that the instant cause was heard by the local board pursuant to §3-5-23. It is to that authority that the administrator succeeds when such a cause is removed to his jurisdiction by operation of §3-7-21 and, therefore, in this opinion we will discuss petitioner's argument as if it had been directed to the jurisdiction of the administrator rather than that of the local board.

This argument assumes the controlling issue to be whether §3-8-1 constitutes a law of this state as contemplated in §3-5-23 that, if violated, gives the administrator jurisdiction to proceed against the license issued to the licensee. The petitioner argues that §3-8-1 is merely definitive of the power of licensing authorities to issue licenses and that, while it limits the power of such licensing authorities to authorize dealing with liquor beyond its terms, it in no manner imposes a prohibition with respect thereto on the licensee. Section 3-8-1 reads, in part: "Licenses issued under the provisions of this title shall not authorize * * * the sale or delivery to any minor, either for his own use or for the use of his parents, or of any other person * * *." On the other hand, §3-8-5 makes the sale or delivery of liquor to a minor a misdemeanor punishable by a fine, imprisonment, or both. We are unable to agree that §3-8-1 is without prohibitory effect as regards the sale of liquor to a minor by a licensee.

It is our opinion that the legislature, in enacting §3-8-1, intended to state in express terms the extent to which the holders of licenses issued by local boards could lawfully deal in liquors and thereby to prohibit any action by such licensees in excess of the limits or authority conferred therein. Section 3-8-5 makes the sale or delivery of liquor to a minor a criminal offense, but it does not follow that, in so providing, the legislature intended to blunt the prohibitory thrust of §3-8-1 which is disclosed by the impo-

sition therein of limits on the authority of local boards to license traffic in liquor. Our conclusion in this respect is strengthened by the legislature's action in providing for control of the liquor traffic both by administrative action against the license and by criminal action against the licensee.

Under our law a licensee is subject to administrative action against his license for the delivery of liquor to a minor for the reason that he thereby violates §3-8-1 by acting in excess of the authority therein conferred upon him. He is at the same time subject personally to criminal action instituted by the state for the unlawful delivery or sale of liquor to a minor in violation of §3-8-5. These proceedings are not to be regarded as mutually exclusive, and it is well settled that an administrative proceeding against the license may be undertaken without instituting at the same time a criminal action pursuant to the terms of §3-8-5. In *Di Traglia* v. *Daneker, supra,* this court said at page 232: "A licensee for the sale of liquor at retail is subject to the provisions of both administrative and substantive law. The proceedings by the local authorities to suspend or revoke his license for unlawful sales of alcoholic beverages to minors, as here, are entirely separate and distinct from a criminal prosecution by the state for that same offense."

It is our opinion then, in brief, that the provisions of §3-8-1 do constitute a law of this state within the meaning of that term as used in §3-5-23 and that a violation thereof may properly be the subject matter of administrative action by the administrator under the provisions of §3-5-23. It is clear from the record here that petitioner had specifically been given notice that she was charged with the violation of §3-8-1 arising out of the delivery of liquor to a minor. It is our conclusion, therefore, that she had legal notice of the violation with which she was charged and that the ad-

ministrator had jurisdiction to hear and determine the issue in the cause.

The petitioner has urged also that the hearing of the local board was illegal in that she was denied a fair and impartial hearing by reason of its action in notifying her that to contest the validity of the charges would result in an imposition of penalties of greater severity than would be imposed otherwise. The only question before us is whether this action by the local board impairs the jurisdiction of the administrator to conduct the hearing de novo provided in §3-7-21. We are unable to perceive that it does. These are, as we have noted, distinct and unrelated proceedings and the jurisdiction of the administrator is not adversely affected by improper conduct on the part of the board. In short, on the record here, the acts of the local board, whatever the nature thereof, are without materiality as to the propriety of an exercise by the administrator of the jurisdiction conferred upon him by §3-7-21.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, the stay of the suspension order entered by this court is dissolved, and the record of the proceedings in the cause is ordered returned to the liquor control administrator with direction to reinstate the order of suspension.

*Gallogly, Beals & Tiernan, Robert O. Tiernan,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for respondent.